**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| SARKIS GRIGORYAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. COLEMAN, *et al.*,<br><br>　　　　　Defendants. | Case No. CV 16-01798-SVW (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On August 22, 2016, plaintiff, a state prisoner presently incarcerated at the California Institution for Men ("CIM") in Chino, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from incidents that took place on June 28, 2016, and July 13, 2016. (ECF No. 1 at 2.)[1] Plaintiff names two defendants, Correctional Counselor J. Coleman and Captain J. Tolbert. Both defendants are named in their official as well as individual capacities. (*Id.* at 2-3.) Plaintiff seeks monetary compensation. (*Id.* at 7.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for

---

[1] The Court references the electronic version of the Complaint.

purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than November 30, 2016, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the

## A. Plaintiff's claims for monetary damages against defendants in their official capacities are barred by the Eleventh Amendment.

The Eleventh Amendment bars plaintiff's federal civil rights claims for monetary damages against any individual defendant in his or her official capacity. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. Univ. of California*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Because the California Department of Corrections and Rehabilitation ("CDCR") is a state agency, it is immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam)

---

assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

4

(the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Because both defendants named in the Complaint are alleged to be employees of the CDCR, plaintiff may not seek monetary damages against a state employee in his or her official capacity. Further, because plaintiff only seeks monetary damages, his Complaint fails to state any claims against the defendants in their official capacities.

### B. Plaintiff's allegations appear insufficient to state an Eighth Amendment claim.

Plaintiff purports to allege a claim pursuant to the Eighth Amendment's Cruel and Unusual Punishment Clause. (ECF No. 1 at 3.) Plaintiff alleges that defendant Coleman willfully and intentionally falsified a document in connection with plaintiff's "Unit Classification Committee" ("UCC") hearing. Plaintiff alleges that Coleman falsely claimed to have conferred with plaintiff and that plaintiff had agreed with the actions of the UCC, although the information was recorded prior to the date that the hearing took place. Plaintiff alleges that Coleman's "blatant, unabashed fabrication" was part of Coleman's "effort to harass, penalize, belittle, degrade and advocate disrespect and contempt for" plaintiff. Plaintiff contends that these actions violated prison regulations and plaintiff's constitutional rights. (*Id.* at 4.) Further, plaintiff contends that Coleman's actions "effectively prohibited Plaintiff from exercising his right to contest the information and actions . . . and therefore constitutes cruel and unusual punishment." (*Id.* at 5.)

To the extent that plaintiff is purporting to allege that Coleman's efforts to harass or belittle plaintiff violated the Eighth Amendment, a prison guard's threats of abuse or harm fail to state a federal constitutional claim. *See, e.g., Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under §1983).

Further, to the extent that plaintiff is purporting to allege that he was subjected to conditions of confinement that violated the constitution, the Eighth Amendment does not mandate that prisons be comfortable (*see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)), or that they provide every amenity that a prisoner might find desirable (*see Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)), but it will not permit inhumane prison conditions. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Here, plaintiff does not purport to allege that he was subjected to inhumane conditions.

Moreover, plaintiff's allegations that defendants failed to comply with prison regulations in preparing the documents or holding the UCC hearing do not give rise to a federal civil rights claim. *See, e.g., Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (alleged violations of prison "regulations do not establish a federal constitutional violation").

Accordingly, it appears to the Court that plaintiff's factual allegations as presently alleged, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any claim pursuant to the Eighth Amendment "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

C. **Plaintiff's allegations appear insufficient to state a due process claim.**

Plaintiff appears to allege a due process claim against both defendants arising from his UCC hearing on July 13, 2016. Plaintiff alleges that defendant Coleman failed to follow prison regulations in recording false information about the hearing. (ECF No. 1 at 4-5.) Plaintiff was present at the hearing, but he was "effectively prohibited" from "contesting and/or challenging" the actions of the committee because the action had already been "accepted." (*Id.* at 6.) Plaintiff also alleges that his "custody designation and placement score" were "illegally" increased. (*Id.*)

The guarantee of substantive and procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977). In the prison context, the Supreme Court has held that the Due Process Clause does not protect a prisoner's alleged liberty interest where a sanction "is within the normal limits or range of custody which the conviction has authorized the State to impose." *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Constitutionally protected liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *see also Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (where there is no protected liberty interest, there is no due process claim).

As observed by the Supreme Court in *Sandin*, 515 U.S. at 484-87, due process does not protect every change in the conditions of confinement that results in a substantial adverse impact on the prisoner. The Ninth Circuit has found that prisoners do not have a constitutionally protected liberty interest in any particular classification level while in prison (*see Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007)), or in remaining in the general prison population (*see Anderson v. County of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995)). Plaintiff does not purport to allege that his UCC hearing resulted in any "atypical and significant hardship" in "relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-84. Plaintiff's allegations that his classification level was improperly changed are insufficient to implicate a protected liberty interest and, accordingly, do not give rise to a due process claim.

Therefore, it appears to the Court that plaintiff's factual allegations as presently alleged, even accepted as true and construed in the light most favorable to

7

1  plaintiff, are insufficient to nudge any due process claim "across the line from
2  conceivable to plausible."

3                              ************

4  **If plaintiff still desires to pursue this action, he is ORDERED to file a**
5  **First Amended Complaint no later than November 30, 2016, remedying the**
6  **pleading deficiencies discussed above.**  The First Amended Complaint should
7  bear the docket number assigned in this case; be labeled "First Amended
8  Complaint"; and be complete in and of itself without reference to the original
9  complaint, or any other pleading, attachment, or document.

10      The clerk is directed to send plaintiff a blank Central District civil rights
11  complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished
12  that he must sign and date the civil rights complaint form, and he must use the
13  space provided in the form to set forth all of the claims that he wishes to assert in a
14  First Amended Complaint.

15      Plaintiff is further admonished that, if he fails to timely file a First Amended
16  Complaint, or fails to remedy the deficiencies of this pleading as discussed herein,
17  the Court will recommend that the action be dismissed with prejudice on the
18  grounds set forth above and for failure to diligently prosecute.

19      In addition, if plaintiff no longer wishes to pursue this action, he may request
20  a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure
21  41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's
22  convenience.

23      **IT IS SO ORDERED**.

25  DATED: 10/25/2016

                                    _____
                                    ALEXANDER F. MacKINNON
                                    UNITED STATES MAGISTRATE JUDGE